State v. Parrish

STATE OF NORTH CAROLINA v. MARVIN ROOSEVELT PARRISH

No. 7515SC14

(Filed 16 April 1975)

**Criminal Law § 86— cross-examination as to prior offense — no error**

In a prosecution for operating a motor vehicle without a valid operator's license, operating a motor vehicle with improper registration, and resisting arrest, the trial court did not err in allowing the prosecuting attorney to cross-examine defendant with respect to his having killed a person several years prior to the offenses in question.

APPEAL by defendant from *Brewer, Judge.* Judgments entered 8 October 1974 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 18 March 1975.

By warrants proper in form, defendant was charged with (1) operating a motor vehicle without a valid operator's license, (2) operating a motor vehicle with improper registration, and (3) resisting arrest. He was found guilty of all charges in district court and appealed to superior court where he pleaded not guilty and was tried *de novo.*

A jury found him guilty of charges (1) and (3) and from judgments imposed on the verdicts, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*Robert J. Wishart for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends the trial court erred in permitting the prosecuting attorney to cross-examine him with respect to defendant's killing a person several years prior to the offenses in question. We find no merit in the assignment.

The record discloses: In cross-examining defendant, the prosecuting attorney asked defendant if he had killed a man; over objection, defendant answered that he had. Defendant was then asked for details of the killing, his counsel objected, the objection was overruled, but the answer was not responsive to the question. Later on, defendant was asked how he killed the man "several years ago"; defendant's answer was that he shot him.

State v. Parrish

On redirect examination defendant testified that he was tried for killing a man but was acquitted by the jury.

In *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971), our Supreme Court overruled numerous prior decisions and held that, for purposes of impeachment, a witness, including the defendant in a criminal case, may not be cross-examined as to whether he has been *indicted* or is *under indictment* for a criminal offense other than for which he is then on trial. The court further held, p. 672: "A *fortiori,* we hold that, *for purposes of impeachment,* a witness, including the defendant in a criminal case, may *not* be cross-examined as to whether he has been *accused,* either informally or by affidavit on which a warrant is issued, of a criminal offense unrelated to the case on trial, nor cross-examined as to whether he has been *arrested for* such unrelated criminal offense." However, on page 675 of the opinion we find:

> It is permissible, for purposes of impeachment, to cross-examine a witness, including the defendant in a criminal case, by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct. (Citations omitted.) Such questions relate to matters *within the knowledge of the witness,* not to accusations of any kind made by others. We do not undertake here to mark the limits of such cross-examination except to say generally (1) the scope thereof is subject to the discretion of the trial judge, and (2) the questions must be asked in good faith.

See also, *State v. Mack,* 282 N.C. 334, 193 S.E. 2d 71 (1972).

In the case at bar, the prosecuting attorney did not ask defendant any question prohibited by *Williams.* On the contrary, we think the questions were of the type declared permissible in *Williams.* The evidence as to defendant having been charged and tried for the killing was brought out by him. The assignment of error is overruled.

Defendant's two remaining assignments of error relate to the trial court's instructions to the jury. We have carefully reviewed the challenged instructions but find that they are free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.